FILED
APR 1 9 2011

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LORI PINGLE,                                                Case No.: 10-CV-444-AC

                        Plaintiff,                          FINDINGS AND
                                                            RECOMMENDATION

            v.

SEARS, ROEBUCK AND CO.,

                        Defendant.
_____

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

    Plaintiff, Lori Pingle, filed this action on April 5, 2010, against Sears, Roebuck and Co.,

("Sears") seeking to recover damages for injuries she suffered when she tripped and fell on

Page 1- FINDINGS AND RECOMMENDATION                                            *{SIB}*

merchandise left on the floor of an aisle in a Sears store.[1]  Pingle, who was represented by legal

counsel at the time, alleged that Sears was negligent in failing to maintain the aisle and for failing

to warn Pingle of the unsafe condition in the aisle.  (Compl. ¶4.)

This court held a Rule 16 conference on July 23, 2010, and ordered that Pingle's deposition

be scheduled by September 13, 2010, that such deposition occur on or before September 25, 2010,

that all discovery be completed by November 19, 2010, and that dispositive motions be filed by

December 20, 2010.  On October 1, 2010, Pingle's counsel filed a motion to withdraw, which this

court granted by order dated October 7, 2010, ("Order") leaving Pingle a *pro se* plaintiff.  In the

Order, the court directed Pingle to contact the court to discuss dates for a telephone status/scheduling

conference.  On October 27, 2010, the court forwarded to Pingle a Summary Judgment Advice

Notice ("Notice") informing her of her obligations in responding to a summary judgment motion.

Specifically, the Notice advised Pingle that:

> When a party you are suing makes a motion for summary judgment that it properly
> supported by declarations (or other sworn testimony), you cannot simply rely on what
> your complaint says.  Instead, you must set out specific facts in declarations,
> deposition, answers to interrogatories, or authenticated documents, as provided in
> Rule 56(c), that contradict the facts shown in the defendant's declarations and
> documents and show that there is a genuine issue of material fact for trial.  If you do
> not submit your own evidence in opposition, summary judgment, if appropriate, may
> be entered against you.

On December 9, 2010, Sears filed a motion for summary judgment arguing that Pingle is unable to

meet her burden to present evidence that Sears knew, or should have known, that the merchandise

was in left in the aisle.  That motion is currently before the court.

---

[1]This action was initially filed in the Circuit Court of the State of Oregon for the County of
Multnomah but was subsequently removed to this court in a timely manner.

Page 2- FINDINGS AND RECOMMENDATION                    {SIB}

*Legal Standard*

Summary judgment is appropriate where the " movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2010). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

*Discussion*

Pingle alleges that she was a customer at a Sears store when she was injured. Accordingly, Pingle's claim is based on the duty of a possessor of land to make the premises safe for a business invitee. *Walsh v. C & K Market, Inc.*, 171 Or. App. 536, 540 (2000)(a business invitee is a "person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.")(quoting Restatement (Second) of Torts § 332 (1974)). Under Oregon law, a possessor of land has an obligation to a business invitee to exercise reasonable care to discover conditions on the premises that create an unreasonable risk of harm to the invitee

and to either make the premises safe by removing or eliminating the dangerous condition or provide

adequate warning of the danger. *Woolston v. Wells*, 297 Or. 548, 558-59 (1984). To establish her

prima facie case, Pingle must prove that Sears either "knew [of] the condition or should have

realized that it involved an unreasonable risk of harm to [her]." *Katter v. Jack's Datsun Sales, Inc.*,

279 Or. 161, 167 (1977).

Sears moves for summary judgment asserting that Pingle is unable to establish that Sears

knew or had reason to know that merchandise was in the aisle of the store in question. Sears relies

solely on the court record in support of this motion. Even in the absence of deposition transcripts,

affidavits, or other evidence filed in support their motion, it is clear under *Celotex* that Sears is

entitled to summary judgment if Pingle fails to provide evidence to support the necessary elements

of her claim. Specifically, the Supreme Court in *Celotex* explained that:

> Of course, a party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its motion, and
> identifying those portions of "the pleadings, depositions, answers to interrogatories,
> and admissions on file, together with the affidavits, if any" which it believes
> demonstrates the absence of a genuine issue of material fact. But unlike the Court
> of Appeals, we find no express or implied requirement in Rule 56 that the moving
> party support its motion with affidavits or other similar materials *negating* the
> opponent's claim. On the contrary, Rule 56(c), which refers to "the affidavits, *if any*"
> (emphasis added), suggests the absence of such a requirement. And if there were any
> doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed
> by Rules 56(a) and (b), which provide that claimants and defendants, respectively,
> may move for summary judgment "*with or without supporting affidavits*" (emphasis
> added). The import of these subsections is that, regardless of whether the moving
> party accompanies its summary judgment motion with affidavits, the motion may,
> and should, be granted so long as whatever is before the district court demonstrates
> that the standard for the entry of summary judgment, as set forth in Rule 56(c), is
> satisfied. One of the principal purposes of the summary judgment rule is to isolate
> and dispose of factually unsupported claims or defenses, and we think it should be
> interpreted in a way that allows it to accomplish this purpose.

*Celotex*, 477 U.S. at 323 (emphasis in original). *Accord El v. Crain*, 560 F. Supp. 2d 932, 936 (C.D.

Cal. 2008)(with regard to element on which nonmoving party bears burden of proof, moving party need not present evidence negating such element and is required to only point out that no evidence supports nonmoving party's case) *vacated on other grounds El v. Crain*, 399 Fed. Appx. 180 (9th Cir. Oct. 5. 2010). *See also* Schwarzer, Tashima & Wagstaffe, *RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL* 14:89, 14:141 (2010).

Despite receiving the Notice advising her of her obligations in opposing a motion for summary judgment, Pingle has not presented evidence or otherwise responded to Sears' motion. In the absence of evidence that Sears, or its employees, knew the merchandise was on the floor, or evidence that the merchandise had been on the floor for a such a length of time that Sears could have, with reasonable diligence, discovered the merchandise, Pingle is unable to present a triable issue of fact with regard to whether Sears' actions were negligent. *Dubry v. Safeway Stores, Inc.*, 70 Or. App. 183 (1985)(summary judgment appropriate where plaintiff conceded defendant was not aware of material on the floor and failed to present evidence establishing material was on the floor long enough for defendant, with the exercise of reasonable diligence, to have discovered and removed it). Pingle has failed to properly support the allegations in her complaint and Sears is entitled to summary judgment.

### Conclusion

Sears' motion (#15) motion for summary judgment should be GRANTED and Pingle's complaint should be dismissed with prejudice.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **May 4, 2011**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 19th day of April, 2011.

JOHN V. ACOSTA
United States Magistrate Judge